IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARNALDO HERNANDE GUERRERO,** | : | **CIVIL ACTION NO. 3:24-CV-1836** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| v. | : | |
| | : | |
| **J. GREENE,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Arnaldo Hernande Guerrero, argues that the United States Bureau of Prisons ("BOP") has improperly deemed him ineligible for time credits under the First Step Act ("FSA"). The petition will be denied.

**I.      Factual Background & Procedural History**

Guerrero is serving a 204-month sentence of imprisonment imposed by the United States District Court for the District of North Dakota for conspiracy and possession with intent to distribute a controlled substance. (Doc. 7-2 at 1). He is currently housed in Allenwood Low Security Correctional Institution ("LSCI-Allenwood").

Guerrero filed his petition for writ of habeas corpus on October 18, 2024, and it was received and docketed on October 24, 2024. (Doc. 1). The petition was initially assigned to United States District Judge Malachy E. Mannion. Guerrero, who is a native and citizen of Cuba, asserts that the BOP has deemed him ineligible for time credits under the FSA because he is subject to a final order of removal from the

United States. (Id. at 6). He argues that this is improper because under current immigration law, he cannot be removed to Cuba. (Id.) He additionally argues that the relevant provision of the FSA violates his right to equal protection because it constitutes unlawful discrimination based on alienage. (Doc. 2 at 14-15). Respondent responded to the petition on December 6, 2024, arguing it should be dismissed for failure to exhaust administrative remedies and that it otherwise fails on its merits. (Doc. 7). Guerrero has not filed a reply brief, and the deadline for doing so has expired. The case was reassigned to the undersigned on January 21, 2025.

## II. Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id. A prisoner is ineligible to have FSA time credits applied to his sentence if he "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

The court will first consider respondent's argument that Guerrero's petition should be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that

exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

In this case, the court finds that exhaustion of administrative remedies is unnecessary because Guerrero's petition presents issues purely of statutory construction and constitutional law. Guerrero does not challenge the BOP's discretionary decision to deny him FSA credits, but rather the legality of deeming

3

him ineligible for FSA credits based on an immigration detainer given that he cannot be deported to his native country and the constitutionality of the FSA. The BOP does not have the authority to determine these legal issues. Exhaustion is therefore unnecessary.

Turning to the merits, Guerrero first challenges the BOP's decision to deem him ineligible for FSA time credits based on a final order of removal. (Doc. 1).[1] He argues that this is improper because, as a Cuban citizen, he cannot currently be removed to his home country. (Id.)

This argument is meritless. A prisoner is ineligible to have FSA time credits applied to his sentence if he "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E). The fact that a petitioner is a Cuban citizen does not alter this statutory restriction. Ginebra-Vera v. Underwood, No. 3:23-CV-271, 2024 WL 5264829, at *3 (W.D. Pa. June 18, 2024), *report and recommendation adopted*, No. 3:23-CV-271, 2024 WL 5263702, at *1 (W.D. Pa. Dec. 31, 2024); Gonzalez v. Barraza, No. 3:23-CV-1309, 2023 WL 8653164, at *2

---

[1] Guerrero advances numerous arguments as to why it is improper to deem him ineligible for FSA credits based on an immigration detainer. (See Docs. 1-2). But as respondent correctly notes, (see Doc. 7 at 15 n.4), Guerrero does not simply have an immigration detainer but a final order of removal, (see Doc. 7-7 at 1). Thus, his immigration detainer is irrelevant to whether he is entitled to habeas corpus relief because his status under the FSA is governed by his final order of removal.

n.4 (M.D. Pa. Dec. 14, 2023). Guerrero's final order of removal accordingly bars him from receiving FSA time credits towards his sentence.[2]

Guerrero additionally argues that the FSA violates his right to equal protection because the language restricting inmates subject to a final order of removal from receiving FSA time credits amounts to unconstitutional discrimination based on his alienage. (Doc. 2 at 14-15).

To resolve the equal protection issue, the court must first determine the appropriate standard of review. Although state laws classifying individuals based on alienage are subject to strict scrutiny, federal statutes classifying on the basis of alienage are generally subject only to rational basis review because decisions regarding immigration and nationality are left to the legislative and executive branches of the federal government. Mathews v. Diaz, 426 U.S. 67, 81-83 (1976). Neither the Supreme Court nor the Third Circuit has determined whether rational basis review extends to claims challenging the FSA's ban on credit for immigrants subject to a final order of removal. The United States Court of Appeals for the

---

[2] Guerrero argues in conclusory fashion that the removal order is "fake," but he acknowledges that "an official legal document endorsed by [the Department of Homeland Security] certif[ies]" that he is subject to the final order of removal. (Doc. 2 at 11 (emphasis omitted)). Thus, it is apparent that the BOP has a factual basis to conclude that Guerrero is subject to a final order of removal. To the extent that Guerrero is challenging the propriety of his removal order, this court does not have jurisdiction to decide this issue. 8 U.S.C. § 1252(g).

Guerrero also repeatedly notes that the Chevron doctrine has been overruled and that federal courts no longer defer to agency interpretations of ambiguous statutes. (Doc. 2). But the Chevron doctrine is irrelevant in this case. The relevant statutes are not ambiguous and clearly bar Guerrero from receiving FSA time credits. This conclusion is not altered by Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024).

5

Second Circuit, however, has recently held that such claims are subject to rational basis review under Mathews. Cheng v. United States, 132 F.4th 655, 658 (2d Cir. 2025). This court finds Cheng persuasive and accordingly applies rational basis review to Guerrero's equal protection claim.

A law challenged under rational basis review is constitutional if there is a rational relationship between the disparate treatment and a legitimate governmental purpose. Stradford v. Sec'y Pa. Dep't of Corrs., 53 F.4th 67, 77 (3d Cir. 2022). The law being challenged is presumptively valid, and the party challenging its constitutionality "must negate every conceivable justification for the classification in order to prove that the classification is wholly irrational." Id. (quoting Brian B. *ex rel.*, Lois B. v. Commw. of Pa. Dep't of Educ., 230 F.3d 582, 586 (3d Cir. 2000)). Rational basis review does not require "specific facts to justify the government's legitimate purpose; all it asks is whether a policy is rational based on 'any reasonably conceivable state of facts.'" Id. (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993)). "Even 'rational speculation unsupported by evidence or empirical data' is enough." Id. (quoting Beach Commc'ns, 508 U.S. at 315).

The FSA's language barring immigrants with a final order of removal from receiving time credits survives rational basis review. As the Second Circuit noted in Cheng, "eliminating time credits reasonably reduces the risk that noncitizens with removal orders will flee and ensures that noncitizens who enter or remain in the country illegally and commit felonies within the United States are required to serve their full prison sentences." Cheng, 132 F.4th at 658. Guerrero's equal protection claim accordingly fails on its merits and his petition will be denied.

**III.     Conclusion**

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

                                                  /S/ KELI M. NEARY
                                                  Keli M. Neary
                                                  United States District Judge
                                                  Middle District of Pennsylvania

Dated:     October 9, 2025